UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWIN POLLARD,

                     Petitioner,

      -against-                             11 Civ. 5712 (RMB) (MHD)

PAUL GONYEA, Superintendent,              **DECISION & ORDER**
Mohawk Correctional Facility,
                     Respondent.
------------------------------------------------------------X

### I. Background

On March 14, 2012, United States Magistrate Judge Michael H. Dolinger, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report"), recommending that the Court deny Edwin Pollard's ("Petitioner" or "Pollard") pro se petition, filed on August 10, 2011, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Report at 34; Pet. at 1.) Petitioner challenges his 2009 conviction following a jury trial of one count of assault in the second degree, under New York Penal Law § 120.05, in New York State Supreme Court, Bronx County. (Report at 1, 33.) Petitioner was sentenced to a term of five years of imprisonment and three years of supervised release. (Report at 1.)[1]

The Report recommends, among other things, that (1) the Court reject Petitioner's claim that his trial counsel was ineffective when he failed to pursue a justification defense because that defense "would plainly have failed" and "it was reasonable for defense counsel to pursue an alternative approach"; (2) the Court reject Petitioner's claim that he was denied "his right to counsel by not granting [his] request to change his appointed attorney" because the criticized

---

[1] Petitioner was transferred into federal custody on or around October 14, 2011, and is currently incarcerated at Coleman United States Penitentiary in Coleman, Florida, "where he is serving his sentence for his conviction of a federal offense." (Pet'r's Change of Address, dated Oct. 26, 2011; Decl. of Thomas R. Villecco, dated Jan. 10, 2012, ¶ 5.)

attorney was, in fact, replaced; and (3) the Court reject Petitioner's claim that an alleged inaccuracy in the victim's testimony at trial "led to a flawed result" because Petitioner "proffers no evidence of false testimony, and the trial evidence . . . was ample to sustain the conviction." (Report at 1, 18, 27–28, 32, 34.)

On or about March 28, 2012, Petitioner submitted objections to the Report ("Objections") substantially restating the claims set forth in the Petition and arguing, among other things, that (1) his trial counsel was ineffective because he did not pursue a justification defense; (2) the trial court erred in refusing to allow Petitioner to dismiss his attorney; and (3) false statements by the victim misled the jurors and the trial court. (Obj. at 3–4.) Petitioner also argues for the first time in his Objections that his trial counsel was ineffective because he represented the victim in a prior matter. (Obj. at 3.) To date, Respondent has not submitted a response to Petitioner's Objections.

**For the reasons set forth below, the Court adopts the Report in its entirety and the Petition is denied.**

## II.     Standard of Review

The Court may adopt any portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); DeLeon v. Strack, 234 F.3d 84, 87 (2d Cir. 2000) (quoting Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989)).

A "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland v. Washington, 466 U.S. 668, 689 (1984) (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Where, as here, a petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III. Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted.  The Court has conducted a de novo review of, among other things, the Petition, the Report, Petitioner's Objections, the record, and applicable legal authorities, and concludes that the determinations and recommendations of Judge Dolinger are supported by the record and the law in all respects.  See Pizarro v. Bartlett, 776 F. Supp 815, 817 (S.D.N.Y. 1991).  Petitioner's Objections do not provide any basis for departing from the Report's conclusions and recommendations.[2]

**(1)   Alleged Ineffective Assistance of Counsel**

Judge Dolinger properly concluded that Petitioner "fails to demonstrate either inadequate representation or prejudice." (Report at 18, 29); Strickland, 466 U.S. at 687–88, 694 (To establish an ineffective assistance of counsel claim, a defendant must show (1) "that counsel's

---

[2]   As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous.  See Pizarro, 776 F. Supp. at 817.  Any Objections not specifically addressed in this Order have been considered de novo and rejected.

3

representation fell below an objective standard of reasonableness"; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). A justification defense "would have plainly failed" because, among other things, Petitioner "conceded [at trial] that his victim was unarmed at the time" of the assault. (Report at 27–28); People v. Rosil, 240 A.D.2d 439, 440 (2d Dep't 1997) (the evidence "was legally sufficient to negate the defense of justification beyond a reasonable doubt," because the "victim was unarmed when the defendant stabbed him").

And, it was reasonable strategically for defense counsel to pursue an alternative approach to the justification defense. (Report at 28); Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005); Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001); People v. Steele, 19 A.D.3d 175, 175–76 (1st Dep't 2005).

 **(2)   Replacement Counsel**

Judge Dolinger properly determined that Petitioner's allegedly deficient counsel, Carol Carter, Esq., had been replaced by Christopher Spellman, Esq., who represented Petitioner through trial. (Report at 30; Resp't Mem. of Law, dated Jan. 10, 2012, at 15–16); Liner v. Jafco, Inc., 375 U.S 301, 306 n. 3 (1964); People v. Pollard, 78 A.D.3d 618, 618 (2d Dep't 2010).

**(3)   Statements During Trial**

Judge Dolinger properly concluded that Petitioner "proffers no evidence of false testimony, and the trial evidence . . . was ample to sustain the conviction." (Report at 33–34); United States. v. Yi Guo Cao, 420 F. App'x 25, 27 (2d Cir. 2011); N.Y. Penal Law § 10.00(13); People v. Chiddick, 8 N.Y.3d 445, 447 (N.Y. 2007).

(4)  **Remaining Objections**

Petitioner's arguments which were raised for the first time in his Objections are untimely. See Abu-Nassar v. Elders Futures, Inc., 88 Civ. 7906, 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994) ("If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments.").

IV.  **Certificate of Appealability**

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case. See Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Any appeal from this Order would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

V.  **Conclusion and Order**

For the reasons stated herein and therein, the Report is adopted in its entirety and the Petition [#1] is denied. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
       June 25, 2012

*RMB*

RICHARD M. BERMAN, U.S.D.J.

5